# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                No. CR 06-1848 JB

JOSE ALFREDO CRUZ-HERNANDEZ,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Jose Alfredo Cruz-Hernandez' Objection to Presentence Advisory Guideline Calculation, filed November 1, 2006 (Doc. 15)("Objection"). The Court heard argument on this objection at the sentencing hearing that the Court held on November 8, 2006. The primary issue is whether the United States Probation Office's use of U.S.S.G. § 2L1.2(b)(1)(B) to calculate Cruz-Hernandez' advisory level is appropriate, given that his ten-year sentence was suspended in its entirety and he was placed on probation, see Pre-Sentence Report ¶ 11, at 4, disclosed September 29, 2006 ("PSR"). Because the Court believes that, as defined within the Guidelines, the language of § 2L1.2(b)(1)(B) excludes suspended periods of imprisonment and periods of probation, and consistent with the Court's ruling at the hearing on this motion, see Hearing Transcript at 7:3-5 (Court)(taken November 8, 2006)("Transcript"),[1] and for the reasons given at the time of the hearing, see id. at 5:18-7:7 (Court), the Court will sustain Cruz-Hernandez' objection and calculate his base offense level using § 2L1.2(b)(1)(C), which provides an

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

increase of 8 levels for aggravated felonies that § 2L1.2(b)(1)(B) and § 2L1.2(b)(1)(A) do not cover, see  U.S.S.G. § 2L1.2(b)(1)(C).

## FACTUAL BACKGROUND

On August 4, 2003, Cruz-Hernandez was convicted of Possession of a Controlled Substance with Intent to Deliver (Methamphetamine)(Felony), punishable up to ten-years custody.  See PSR at ¶ 5, at 3.  The state court ordered Cruz-Hernandez to serve a sentence of ten-years custody, all suspended, along with two-years probation.  See id.  The state court thus suspended his entire sentence and placed him on probation.  See id.  Cruz-Hernandez was subsequently deported to Mexico on September 24, 2003.  See id.

## PROCEDURAL BACKGROUND

On August 28, 2006, Cruz-Hernandez pled guilty to Reentry of a Removed Alien in violation of 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b).  See Fast Track Plea Agreement, filed August 28, 2006 (Doc. 13).  On September 29, 2006, the United States Probation Office ("USPO") disclosed its PSR to the United States and to Cruz-Hernandez.  See PSR at 2.  Paragraph 20 of the PSR lists a conviction of Possession with Intent to Deliver, which serves as the predicate aggravated felony in this matter.  See id. ¶ 20, at 5-6.  The PSR calculates an advisory guideline offense level of 20 and final offense level of 17.  See id. at ¶¶ 15, 17.  Under the PSR's calculations, should the Court grant the United States' motion for a "fast-track" departure, the final offense level would be 15.  See id. ¶ 18, at 5.

The USPO received Cruz-Hernandez' objection to the PSR on November 1, 2006.  See Doc. 15.  Cruz-Hernandez objects to the 12-level enhancement that the USPO applied in paragraph 11 of the PSR.  See Objection at 1-2.  Cruz-Hernandez requests, pursuant to U.S.S.G. § 2L1.2 and §

4A1.2, that the Court sentence Cruz-Hernandez at an advisory offense level of 12, and a criminal history category of I, with an advisory guideline range of 10-16 months.  See id. at 2.

On November 3, 2006, the USPO disclosed to the United States and to Cruz-Hernandez an Addendum to the PSR.  See Addendum to the PSR, dated November 3, 2006 ("Addendum").  The USPO maintains that § 2L1.2(b)(1)(B)'s 12-level enhancement is applicable.  See id. at 1.

### U.S.S.G. § 2L1.2(b)(1)(B)

Probation used U.S.S.G. § 2L1.2(b)(1)(B) to calculate Cruz-Hernandez' advisory level.  See PSR at ¶ 11, at 4.  Section 2L1.2(b)(1)(B) provides that, if the defendant previously was deported or unlawfully remained in the United States after "a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by 12 levels."   U.S.S.G. § 2L1.2(b)(1)(B).

Section 2L1.2(b)(1)(B)'s Application Note 1(B)(vii) defines "sentence imposed" as "sentence of imprisonment," and refers the reader to U.S.S.G. § 4A1.2(b).  See U.S.S.G. § 2L1.2(b)(1)(B), Application Note 1(B)(vii).   Section 4A1.2(b)'s Application Note 2 defines "sentence of imprisonment" as a sentence of incarceration; it states, "[t]o qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment . . . (or, if the defendant escaped, would have served time)."  U.S.S.G. § 4A1.2(b), Application Note 2.

### ANALYSIS

Cruz-Hernandez maintains that the operative phrase in § 2L1.2(b)(1)(B) is "sentence imposed."  Objection at 2.  He contends that, according to the Guidelines' definition of "sentence of imprisonment," the state court did not impose a "term of imprisonment."  Id. at 2.  Cruz-Hernandez argues that the most applicable advisory guideline in this set of circumstances is § 2L1.2(b)(1)(C),

which advises an increase of 8 levels for an aggravated felony not covered in § 2L1.2(b)(1)(A) or § 2L1.2(b)(1)(B).  See id.  The USPO contends that, as Cruz-Hernandez received a ten-year suspended sentence and two-years probation, it appears the 12-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(B) is applicable.  See Addendum at 1.

The Court finds that § 2L1.2(b)(1)(B)'s 12-level enhancement is not applicable to Cruz-Hernandez.  "Sentence imposed," as it appears in § 2L1.2(b)(1)(B), "refers only to that portion [of the sentence] that was not suspended."   U.S.S.G. § 4A1.2(b).  See United States v. Chavez-Diaz, 444 F.3d 1223, 1226-27 (10th Cir. 2006).  Similarly, Cruz-Hernandez' two-years probation do not figure into the "sentence imposed."   A plain reading of § 2L1.2(b)(1)(B) indicates that a 12-level enhancement is applicable only if a defendant served some period of imprisonment of 13 months or less.  See United States v. Rodriguez-Fuentes, No. CR 05-918, 2006 WL 1304907, **6-8 (D.N.M. April 12, 2006)(Browning, J.).  A sentence of probation only is not a sentence of imprisonment.  See id.  As such, Cruz-Hernandez' ten-year suspended sentence and two-years probation do not qualify him for an enhancement under U.S.S.G. § 2L1.2(b)(1)(B).  Instead, Cruz-Hernandez is subject to an 8-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C).

Based on the foregoing and consistent with the Court's ruling at the hearing on this motion, see Transcript at 7:3-5 (Court), and for the reasons given at the time of the hearing, see id. at 5:18-7:7 (Court), the Court will sustain Cruz-Hernandez' objection.

**IT IS ORDERED** that Cruz-Hernandez' Objection to Presentence Advisory Guideline Calculation is sustained.  Section 2L1.2(b)(1)(B) of the sentencing guidelines' 12-level enhancement is not applicable to Cruz-Hernandez.  The guideline calculation will be reformed to reflect the 8-level enhancement.

-4-

_____
UNITED STATES DISTRICT JUDGE

Counsel:

David C. Iglesias
  United States Attorney
Rhonda Backinoff
  Assistant United States Attorney
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Edward O. Bustamante
Albuquerque, New Mexico

     *Attorneys for the Defendant*